# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWEY I. COFFMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-09-642-M ) |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction, filed December 10, 2009. On December 22, 2009, plaintiff filed his response.

Defendant moves this Court to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

> Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit. The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject matter jurisdiction where applicable. . . . a party seeking to assert a claim against the government . . . must also point to a specific waiver of immunity in order to establish jurisdiction.

*Normandy Apartments, Ltd. v. U.S. Dep't of Hous. and Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (internal citations omitted).

In his Amended Complaint, plaintiff states that "[t]his complaint is for the purpose of petitioning the court for damages from the Department of the Army, United States government for <u>not providing</u> correct and sufficient oversight to record keeping, operation, personnel matters and other related abusive actions." Amended Complaint [docket no. 24] at 1 (emphasis in original). Plaintiff then cites to 10 U.S.C. § 10147 as the federal law governing this action. *See* Amended Complaint at 2. That section provides:

**Ready Reserve: training requirements**

(a) Except as specifically provided in regulations to be prescribed by the Secretary of Defense, or by the Secretary of Transportation with respect to the Coast Guard when it is not operating as a service in the Navy, each person who is enlisted, inducted, or appointed in an armed force, and who becomes a member of the Ready Reserve under any provision of law except section 513 or 10145(b) of this title, shall be required, while in the Ready Reserve, to –

> (1) participate in at least 48 scheduled drills or training periods during each year and serve on active duty for training of not less than 14 days (exclusive of traveltime) during each year; or
>
> (2) serve on active duty for training not more than 30 days during each year.

(b) A member who has served on active duty for one year or longer may not be required to perform a period of active duty for training if the first day of that period falls during the last 120 days of the member's required membership in the Ready Reserve.

10 U.S.C. § 10147.

As set forth above, § 10147 does not contain an explicit, or even implicit, waiver of sovereign immunity. Accordingly, the Court finds that plaintiff has not shown any specific waiver of sovereign immunity and this Court, thus, lacks subject matter jurisdiction over this case.

The Court, therefore, GRANTS defendant's Motion to Dismiss for Lack of Jurisdiction [docket no. 25] and DISMISSES the instant action.

**IT IS SO ORDERED this 8th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE